UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DUODESK, L.L.C.                                                         CIVIL ACTION

VERSUS                                                                  NO. 14-1363

GEE HOO INDUSTRIAL CORPORATION                                          SECTION A(3)


**ORDER**

Before the Court is a **Motion for Partial Summary Judgment** (**Rec. Doc. 33**) filed by Defendant Gee Hoo Industrial Corporation ("Gee Hoo"). Plaintiff DuoDesk, L.L.C. ("DuoDesk") opposes the motion. For the following reasons, **IT IS ORDERED** that the motion is **DENIED**.

**I.      BACKGROUND**

Plaintiff DuoDesk filed suit in this Court on June 11, 2014, alleging breach of contract. (Rec. Doc. 1). DuoDesk had designed an exercise machine called the "activeLife Trainer" and contracted with Gee Hoo, a Taiwanese manufacturing company, to manufacture the trainers. Plaintiff alleges that Defendant breached its contract by failing to manufacture the trainers in accordance with certain specifications pursuant to the parties' "Product Quality Agreement."

Plaintiff alleges that the 210 trainers that were delivered to it in early 2014 were defective. Because of the high defective rate, DuoDesk stopped the retail sale of the products. On January 29, 2014, the president of DuoDesk, Mr. Christoph Leonhard, sent an email to Mr. Hank Hsu at Gee Hoo. (Rec. Doc. 33–4 at 8). Mr. Leonhard told Mr. Hsu that of the first seven machines to arrive, five had a variety of defects—the tracks were too wide, a speed sensor did not work, and the machines made squeaking noises while they operated. Mr. Leonhard told Mr. Hsu that he had "collected pictures, videos, and emails in evidence of these defects" and that he would send these to Mr. Hsu. He told Mr. Hsu that he stopped selling the machines due to the high defective rate, saying that

continuing to sell the machines "would increase our expenses and damage our reputation." Mr. Leonhard wrote that thirty units were delivered to a university for research and he had not yet heard feedback on those units. The remaining units—those that he could not sell—were being warehoused and incurring storage expenses. He wrote that "[w]e need to figure out a way to resolve these problems as soon as possible and try to limit the damages to the extent possible."

The parties agreed that Gee Hoo would refund DuoDesk and that DuoDesk would return the defective machines to Gee Hoo. (Rec. Doc. 33–4 at 10–13). DuoDesk then accepted the refund but did not return the machines.

II. DISCUSSION

A. The Parties' Arguments

In the instant motion, Gee Hoo argues that any obligation it owed to DuoDesk has been extinguished. Gee Hoo argues that in the Purchase Order and the later Product Quality Agreement, the parties agreed upon how they would resolve any issues regarding defects in the trainers. Gee Hoo argues that it has acted in accordance with these agreements by refunding DuoDesk the purchase price for the defective trainers. Gee Hoo argues that because it has performed in accordance with the parties' agreements, its obligations are extinguished.

Gee Hoo next argues that the parties here agreed upon a compromise. Gee Hoo asserts that a series of emails and an invoice evidence an agreement between the parties to settle the claims DuoDesk now alleges; consequently, Gee Hoo argues, DuoDesk's breach of contract claims should be dismissed with prejudice.

Gee Hoo next argues that DuoDesk's redhibition claim should be dismissed. Gee Hoo asserts that the trainers were not useless as required for a redhibition claim that would warrant rescission of the sale. Gee Hoo also asserts that if the defects here were redhibitory in that they merely diminished the value of the products, DuoDesk would only be entitled to a reduction of the purchase price and Gee Hoo has already refunded DuoDesk the full purchase price. Thus, Gee Hoo argues that the

redhibition claim must be dismissed because DuoDesk is not entitled to rescission and even if it is entitled to a reduction, Gee Hoo has already refunded DuoDesk the full purchase price.

Lastly, Gee Hoo asserts that it is entitled to summary judgment on its counterclaim seeking the enforcement of DuoDesk's obligation to return the defective trainers or return Gee Hoo's refund.

In its opposition, DuoDesk argues that its claims are not extinguished because the agreements here were not clear and DuoDesk never demonstrated an intent to limit its contractual and legal remedies to a refund of the purchase price. DuoDesk also argues that the parties did not have a compromise because they did not agree to compromise and they did not put any such agreement in writing. DuoDesk further argues that other required elements for a compromise are not met.

DuoDesk argues that its redhibition claim should survive because there is an issue of fact on whether the products here were useless for purposes of a redhibition claim. Regarding Gee Hoo's counterclaim, DuoDesk argues that it is entitled to keep the trainers until all of its claims or judgments arising from the defects are satisfied.

### B. Law and Analysis

#### Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual

issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

**Extinguishment**

Gee Hoo claims that all of DuoDesk's contract claims are extinguished because the contract language was "clear and unambiguous" and Gee Hoo performed in accordance with it. The Court is not persuaded by Gee Hoo's argument. Instead, the Court finds that the language here is not "clear and unambiguous" such that it would require a dismissal of DuoDesk's claims.

"Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046.

Gee Hoo points specifically to two clauses in the parties' agreements. The first is in the Purchase Order reflecting DuoDesk's purchase. It says, "Seller agrees to replace any defective machines or to refund the purchase price and any charges in connection therewith within 12 months of the Buyer's receipt of the machines. DuoDesk's Purchase Order is expressly made conditional to Seller's acceptance of the terms herein." (Rec. Doc. 33–4 at 5). The second clause Gee Hoo points to is in an email from Mr. Leonhard to Mr. Hsu on November 13, 2013 (the "Product Quality Agreement"). The clause says, "If [the] rate of manufacturing defects is exceeded, you [Gee Hoo] agree to take back each defective unit. . . . 'Taking back' a unit means that you will refund the purchase price of any units with manufacturing defects beyond the acceptable 5% defect rate." (Rec. Doc. 33–4 at 6). Gee Hoo asks the Court to find that this language shows that Gee Hoo's refund is an exclusive remedy for DuoDesk. However, these clauses, standing alone or viewed in the context of their documents, are not "clear and explicit" on whether this is the only remedy DuoDesk may pursue

in the event of Gee Hoo's breach. The documents are also unclear on what makes a defect a "manufacturing defect."

Gee Hoo warranted to DuoDesk that "all machines furnished pursuant to this Purchase Order will be of good quality and free from defects in material or workmanship, including, without limitation, that the machines should operate quietly." (Rec. Doc. 33–4 at 5). Defendant fails to explain why the Court should dismiss Plaintiff's claims for breach of this warranty against defects in material or workmanship. As Plaintiff argues, the fact that Defendant was obligated to provide a refund does not lead to the conclusion that Defendant is relieved from other obligations under the contract, in the absence of "clear and explicit" language saying this. In the absence of such clear and explicit language, the Court finds that there is a genuine disputed issue of material fact regarding the parties' intent. Therefore, summary judgment for Gee Hoo would be inappropriate on this claim.

**Compromise**

Louisiana Civil Code Article 3071 defines a compromise as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." The purpose of a compromise is to prevent or to put an end to litigation. *Rivett v. State Farm Fire & Cas. Co.*, 508 So. 2d 1356, 1359 (La. 1987). The Louisiana Supreme Court has held that the essential elements of a compromise are (1) mutual intention of putting an end to the litigation and (2) reciprocal concessions of the parties in adjustment of their differences. *Id.* The Court has also held that a compromise requires the following: (1) a disputed claim; (2) a tender of a certain amount in settlement of that claim; and (3) an acceptance. *Audubon Ins. Co. v. Farr*, 453 So.2d 232, 234 (La. 1984) (citing *Henriques v. Vaccarro*, 220 La. 216, 56 So.2d 236 (La.1951)). Further, "[t]he only formal essential for a compromise is a writing." *Id.* (citing *Antoine v. Smith*, 4 So. 321 (La.1888)).

Louisiana Civil Code Article 3076 provides that "[a] compromise settles only those differences that the parties clearly intended to settle." The writing requirement demonstrates, as

Plaintiff says, that Louisiana courts will not lightly assume an agreement to give up important legal rights. *See Bourgeois v. Franklin*, 389 So.2d 358, 361 (La. 1980) ("[Article 3071] is placed in the code to insure proper proof of extrajudicial agreements. . . . [T]he law has seen fit to require the compromise agreement . . . to be reduced to writing to serve as proof of the agreement and the acquiescence therein.")

Against this backdrop, the Court finds that the emails and invoice exchanged between Gee Hoo and DuoDesk do not show with sufficient clarity that DuoDesk acquiesced in surrendering its contractual claims against Gee Hoo. Gee Hoo asserts that the January 2014 email is evidence of a compromise because Mr. Leonhard asked Mr. Hsu "how [he] would like to resolve these problems." It is unclear whether Mr. Leonhard is referring to resolving all claims between the parties or just abating the increasing storage expenses that DuoDesk was incurring as a result of storing the machines instead of selling them. (Rec. Doc. 33–4 at 8). Thus, Mr. Leonhard's statement does not show that the parties had a mutual intention of preventing or ending litigation. Further, in the same email Defendant references, DuoDesk's president, Mr. Christoph Leonhard, says he has taken pictures and videos of the machines in evidence of the defects, and he says he would like to "limit the damages to the extent possible." This language does not prove a clear agreement to compromise. To the contrary, it suggests that the parties—or at least DuoDesk—may have anticipated litigation.

**Redhibition**

In a suit for redhibition, the plaintiff must prove: 1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it; 2) the thing contained a non-apparent defect at the time of sale; and 3) the seller was given an opportunity to repair the defect. *Jackson v. Slidell Nissan*, 693 So.2d 1257, 1262 (La. App. 1 Cir. 1997). Under Louisiana Civil Code Article 2520, "[a] defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed

that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price."

Whether the buyer would not have purchased the thing had he known of the vice is the "basic test of whether a defect is a redhibitory one." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Perrin v. Read Imports, Inc.*, 359 So.2d 738, 740 (La. App. 4 Cir. 1978)). This inquiry does not deem dispositive the issue of whether the thing was usable for any purpose, or whether it has any value to the purchaser. *Id.* (citing *Purvis v. Statewide Trailer Sales*, 339 So.2d 403, 407 (La. App. 1 Cir. 1976) ("Where a buyer does not intend to relinquish his right of rescission but makes such use of the object as is practical or which the circumstances require, continued use does not constitute waiver of the right of rescission.")).

Gee Hoo asserts that the trainers here were not useless because DuoDesk was able to sell some of the trainers to researchers. However, this does not mean that there is no issue of fact regarding whether the trainers were "useless for [their] intended purpose." DuoDesk asserts that the trainers were for retail sale, and because of a high defective rate, it had to stop retail sales. The fact that the trainers were usable for some other purpose—research—is not dispositive on whether the trainers were useless for redhibition purposes. A reasonable trier of fact could find that DuoDesk merely made such use of the object as was practical.

Gee Hoo also asserts that a redhibition claim must fail because DuoDesk cannot prove that the defects here were non-apparent. Under Louisiana law, "[i]f the defects complained of by the purchaser are apparent, that is, such as the purchaser might have discovered by simple inspection, the purchaser cannot recover." *Creger v. Robertson*, 542 So. 2d 1090, 1095 (La. App. 2 Cir. 1989). However, courts have found that a buyer is only under a duty to make an inspection which is reasonable in light of all the circumstances surrounding the sale. *See, e.g., id*. Whether an inspection is reasonable depends upon the facts and circumstances of each case, and includes such factors as the

knowledge and expertise of the buyer, the opportunity for inspection and the assurances made by the seller. *Id.*

Gee Hoo points to the fact that Mr. Leonhard inspected the trainers before receiving them and that Mr. Leonhard admits noticing the defects during his inspection. Gee Hoo omits an important fact in its argument, however—after this inspection, Mr. Hsu assured Mr. Leonhard that the defects he noticed during the inspection would be fixed before the trainers were shipped. Yet it appears that Gee Hoo failed to fix the very defects that the parties discussed after the inspection. A trier of fact could find that Mr. Leonhard conducted a sufficient inspection and reasonably relied on Mr. Hsu's assurances that the defects would be fixed. This Court therefore finds an issue of fact regarding whether the defects here were non-apparent.

### Gee Hoo's Counterclaim to Enforce the Contract

Gee Hoo argues, without citing any legal authority, that the Court should enforce the parties' contract and order DuoDesk to return the allegedly defective machines or return the refund that Gee Hoo paid to DuoDesk.

Under Louisiana Civil Code Article 2532, DuoDesk is entitled to retain the trainers until its redhibitory claims against Gee Hoo are resolved. DuoDesk must, however, take care of the trainers as a prudent administrator. Further, there are numerous issues of material fact that need to be resolved here before deciding the liability of the parties.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 33)** filed by Defendant Gee Hoo is **DENIED**.

September 29, 2015

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE