UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUODESK, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 14-1363 |
| GEE HOO INDUSTRIAL CORPORATION | SECTION: "A" (3) |

### ORDER

Before the Court is a **Motion to Dismiss Supplemental Complaint for Lack of Jurisdiction and, Alternatively, for Failure to State a Claim (Rec. Doc. 40)** filed by Defendant Gee Hoo Industrial Corporation ("Gee Hoo"). Plaintiff DuoDesk, L.L.C. ("DuoDesk") opposes the motion. For the following reasons, **IT IS ORDERED** that the motion is **DENIED**.

### I. BACKGROUND

#### a. The Facts

Plaintiff DuoDesk filed suit in this Court on June 11, 2014, alleging breach of contract. (Rec. Doc. 1). Mr. Christoph Leonhard, the president of DuoDesk, a Louisiana L.L.C., had designed an exercise machine called the "activeLife Trainer." He contracted with Gee Hoo, a Taiwanese manufacturing company, to manufacture the trainers. Plaintiff's original complaint alleges that Defendant breached its contract by failing to manufacture the trainers in accordance with certain specifications.

On July 23, 2015, DuoDesk amended its complaint to allege that, after the filing of the complaint, Gee Hoo breached the parties' non-disclosure and confidentiality agreement ("NDA"). (Rec. Doc. 28). DuoDesk alleges that in February of 2015, Gee Hoo attempted to sell DuoDesk's machines at an international exhibition.

The NDA took effect in October of 2009. The NDA was signed by a Gee Hoo representative and Mr. Leonhard, who signed on behalf of his company at the time, Success Behavior, L.L.C., an Illinois company. The agreement provided that it would inure to the benefit of and be binding upon the parties to the NDA and their successors and assignees. (Rec. Doc. 47–1). According to Mr. Leonhard's affidavit submitted in connection with this motion, the agreement by its terms applied to the products that Gee Hoo agreed to develop for DuoDesk. (Rec. Doc. 47–1).

### b. The Arguments

Gee Hoo moves to dismiss the supplemental complaint for lack of jurisdiction, arguing that there are no allegations in the supplemental complaint that show that Gee Hoo directed its activities toward the forum in connection with this claim. According to Gee Hoo, the supplemental complaint "merely state[s] that DuoDesk is a successor in interest to Success Behavior, LLC, which is an Illinois limited liability company." (Rec. Doc. 40–2). Gee Hoo asserts that it never sent someone to Louisiana to conduct business for Gee Hoo, and it never shipped products to Louisiana. Gee Hoo asserts that it only communicated with Mr. Leonhard through email, video conferencing, phone calls, and in person in Taiwan. Defendant further asserts that when Mr. Leonhard and Gee Hoo corresponded about the NDA, Mr. Leonhard was an Illinois resident. Thus, Gee Hoo argues that the facts here are insufficient to make a prima facie showing of personal jurisdiction over Gee Hoo.

Gee Hoo alternatively moves to dismiss the supplemental complaint for failure to state a claim. Gee Hoo argues that the "Supplemental Complaint fails to allege how offering the activeLife Trainers for sale would use or disclose proprietary information."

In its response, Plaintiff DuoDesk asserts that the Court has jurisdiction here because of the following: Gee Hoo actively engaged in a manufacturing relationship with DuoDesk, a Louisiana limited liability company; Gee Hoo and DuoDesk exchanged hundreds of emails and phone calls; Gee Hoo shipped sample products to New Orleans; Gee Hoo received shipments from New Orleans; and Mr. Leonhard travelled from New Orleans to Taiwan multiple times to discuss the products Gee Hoo was manufacturing for DuoDesk.

## II.     DISCUSSION

A district court sitting in diversity may exercise personal jurisdiction over a defendant to the extent permitted by state law. *Choice Healthcare, Inc. v. Kaiser Found. Heath Plan*, 615 F.3d 364, 367 (5th Cir. 2010) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)). The Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process. *Id.* The exercise of personal jurisdiction comports with due process where 1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and 2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Mink v. AAAA Dev., LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

The "minimum contacts" prong of the two-part test may be further subdivided into contacts that give rise to "general" personal jurisdiction and "specific" personal jurisdiction. *Choice Healthcare*, 615 F.3d at 368. The court may exercise specific personal jurisdiction where a "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Walk Haydel*, 517 F.3d at 243). The first element applies when the nonresident defendant purposefully avails himself of the privileges of conducting activities in the forum state. *Id.* (citing

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir.2004)). The "purposeful availment" element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). At the same time, "specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil . . . ." *Bullion v. Gillespie*, 895 F. 2d 213, 216 (5th Cir. 1990).

The Fifth Circuit has articulated a three-step analysis for the specific jurisdiction inquiry, finding that it exists where "(1) the defendant has minimum contacts with the forum state, i.e., where it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) where the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) where the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F. 3d 266, 271 (5th Cir. 2006). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather, the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" *McFadin*, 587 F.3d at 759 (quoting *Luv N' Care, Ltd. V. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006)).

In contract cases, an individual's contract with a forum resident does not automatically establish minimum contacts in the forum. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222–23 (5th Cir. 2012) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)). Instead, courts use "a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future

consequences which themselves are the real object of the business transaction.'" *Id.* (quoting *Burger King*, 471 U.S. at 479). Courts should therefore assess prior negotiations, future consequences, and the actual course of dealing between the parties. *Id.* Further, the Fifth Circuit has distinguished between a contractual relationship that resulted from an "off-the-shelf, out-of-the-box contract" and one that envisioned a long-term interactive relationship. *Id. See also Home Décor of Elmwood Oaks, LLC v. Jiyou Arts & Frames Co.*, 2009 WL 273193 (E.D. La. Jan. 23, 2009) (finding jurisdiction where defendant directed its activities toward Louisiana "for the purpose of obtaining the benefits of a business relationship with a Louisiana company").

In *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, a Texas resident sued an Alaskan defendant for breach of contract. 700 F.2d 1026 (5th Cir.1983). The Alaskan had purchased goods manufactured in Texas and had traveled to Texas to close the deal. *Id.* at 1028–29. The Fifth Circuit found no jurisdiction because the Alaskan's only contacts with Texas were related to this single transaction, which the Texan had initiated by contacting the defendant in Alaska. *Id.* at 1029. In a later case, *Latshaw v. Johnston*, the Fifth Circuit wrote that *Hydrokinetics* involved a "one-shot purchaser of Texas goods whose only connection with the state grew out of a Texas manufacturer's marketing efforts." *Latshaw v. Johnston*, 167 F.3d 208, 213 (5th Cir. 1999). In *Latshaw*, however, the Fifth Circuit found that it had jurisdiction where two parties had an ongoing business relationship, allegedly for ten years, and the defendant allegedly made 26 trips to Texas and made at least 37 phone calls to the plaintiff in Texas. *Id.* at 210, 213.

The agreement in the instant case involved more than a single transaction and more than unilateral actions by DuoDesk. When the parties signed the NDA, they "envisioned a long-term interactive relationship." According to Mr. Leonhard's affidavit, the parties signed the NDA "to protect DuoDesk's confidential and proprietary information to be disclosed during the

manufacturing relationship." (Rec. Doc. 47–1). The parties then engaged in this relationship for four years. During much of this time, Mr. Leonhard and his company were based in Louisiana.

As in *Home Décor*, the defendant directed its activities toward Louisiana "for the purpose of obtaining the benefits of a business relationship with a Louisiana company." The parties here exchanged hundreds of emails as well as phone calls and video conferences – these extensive communications are at least as significant as the 26 trips and 37 phone calls between the parties in *Latshaw*. Not only were Gee Hoo's communications purposefully directed toward DuoDesk in Louisiana, they are related to the claim at issue, as the communications concerned the development and manufacturing of the products that were the subject of the NDA.

The Court's conclusion is not impacted by the fact that DuoDesk is a successor in interest to Success Behavior, L.L.C., an Illinois L.L.C. The cases discussed above instruct the Court to consider the actual course of dealing of the parties, including prior negotiations and future consequences. The Court therefore looks beyond the moment the parties signed the NDA and at the relationship as a whole. Although Gee Hoo initially agreed to the NDA with Success Behavior, Mr. Leonhard created DuoDesk only two months after the parties agreed to the NDA. In Mr. Leonhard's affidavit, he attests that the NDA by its terms applied to the products that Gee Hoo agreed to develop for DuoDesk. (Rec. Doc. 47–1). He attests that the NDA provided that it would inure to the benefit of and be binding upon the parties to the agreement and their successors and assignees; this would include DuoDesk. Gee Hoo worked with DuoDesk for four years after the creation of the company, exchanging communications with DuoDesk and even allegedly shipping sample parts to New Orleans. If Gee Hoo did not want to risk being haled into court in Louisiana to defend a claim arising out of the NDA, it could have terminated the relationship and sought business elsewhere.

By continuing a relationship with DuoDesk, a Louisiana company, Gee Hoo was purposefully availing itself of the privileges of doing business in Louisiana. One Texas court faced a similar issue and wrote that this kind of availment – a business relationship with a four-year duration – should alert a defendant "to the possibility that it might be haled into court in [the forum] to answer complaints related to this extended contractual relationship." *Santander Consumer USA, Inc. v. Car Smart, Inc.*, 2010 WL 3703848, at *4 (N.D. Tex. Sept. 20, 2010). Continuing a business relationship for four years is indicative of the requisite purposeful availment needed for a court to exercise jurisdiction. *See id.*

The relationship between DuoDesk and Gee Hoo evinces the kind of purposeful related minimum contacts that give rise to specific jurisdiction. Taken together, the facts here meet the requirements of the Fifth Circuit's three-part test: (1) Gee Hoo had minimum contacts with the forum state by having a purposeful, ongoing relationship with a Louisiana company; (2) DuoDesk's cause of action arises out of these forum-related contacts, as it concerns a breach of an agreement that governed the parties' relationship; and (3) the exercise of personal jurisdiction is fair and reasonable – to demonstrate otherwise requires a substantial showing that Gee Hoo has not made. The facts are sufficient to show that Gee Hoo should reasonably have anticipated being haled into court in Louisiana to defend a claim arising out of the NDA.

Gee Hoo also moves to dismiss DuoDesk's complaint for failure to state a claim. DuoDesk has alleged that Gee Hoo, in the NDA, promised not to use or disclose confidential product information for any purpose other than for the development and manufacturing of the products for DuoDesk. DuoDesk has alleged that Gee Hoo breached the NDA by offering for sale machines that Gee Hoo manufactured with the confidential and proprietary information

supplied by DuoDesk. Essentially, DuoDesk alleges that Gee Hoo offered one of DuoDesk's machines for sale at an international exhibition.

When the Court takes these allegations as true, the Court is persuaded that offering one of these machines for sale would be a violation of the NDA. Gee Hoo argues that "the Supplemental Complaint fails to allege how offering the activeLife Trainers for sale would use or disclose proprietary information." The Court finds it obvious that offering the trainers for sale would disclose information that the NDA sought to protect – anyone who saw the machine displayed for sale would have knowledge of DuoDesk's unique idea. Thus, Gee Hoo's conduct would have violated the NDA. The Court therefore finds that DuoDesk has sufficiently stated a claim by alleging that Gee Hoo violated the NDA by offering the machine for sale.

Because the Court finds that Gee Hoo has the necessary minimum contacts with the forum to support specific jurisdiction, the Court finds it unnecessary to address DuoDesk's argument that pendent personal jurisdiction should apply here. The Court also finds it unnecessary to address DuoDesk's argument that Gee Hoo waived its defense of lack of personal jurisdiction when it opposed DuoDesk's motion for leave to file the supplemental complaint.

Accordingly and for the foregoing reasons, **IT IS ORDERED** that the **Motion to Dismiss Supplemental Complaint for Lack of Jurisdiction and, Alternatively, for Failure to State a Claim (Rec. Doc. 40)** filed by Defendant Gee Hoo is **DENIED.**

October 15, 2015

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE