UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUODESK, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 14-1363 |
| GEE HOO INDUSTRIAL CORPORATION | SECTION: "A" (3) |

**ORDER**

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 119)** filed by Defendant Gee Hoo Industrial Corporation ("Gee Hoo"). Plaintiff DuoDesk, L.L.C. ("DuoDesk") opposes the motion. The motion, set for submission on February 10, 2016, is before the Court on the briefs without oral argument. Trial is set to begin in this matter on May 10, 2016. For the following reasons, **IT IS ORDERED** that the motion is **DENIED**.

I.  Background

Plaintiff DuoDesk filed suit in this Court on June 11, 2014, alleging breach of contract. (Rec. Doc. 1). Mr. Christoph Leonhard, the president of DuoDesk, a Louisiana L.L.C., had designed an exercise machine called the "activeLife Trainer." He contracted with Gee Hoo, a Taiwanese manufacturing company, to manufacture the trainers. Plaintiff's original complaint alleges that Defendant breached its contract by failing to manufacture the trainers in accordance with certain specifications.

On July 23, 2015, DuoDesk amended its complaint to allege that, after the filing of the complaint, Gee Hoo breached the parties' non-disclosure and confidentiality agreement ("NDA"). (Rec. Doc. 28). The NDA applied to the products that Gee Hoo agreed to develop for DuoDesk. DuoDesk alleges that in February of 2015, Gee Hoo attempted to sell DuoDesk's machines at an international exhibition.

1

## II.     Analysis

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

In the instant motion, Gee Hoo argues that the NDA is unenforceable because it does not contain a time limitation; it does not contain a geographic limitation; and it does not sufficiently define the information it seeks to protect. The parties agree that Illinois law applies to the interpretation of the NDA, and Gee Hoo has pointed to a number of Illinois cases in its argument.

The Court agrees with DuoDesk that the cases relied upon by Gee Hoo in support of its motion do not provide the relevant legal standard for the matter at issue. Gee Hoo's cases involve employer-employee relationships and the enforceability of non-compete agreements and restrictive covenants. As DuoDesk notes, restrictions on time, geography, and scope are imposed in these agreements due to the policy consideration that such agreements conflict with a person's "fundamental right to pursue

that vocation in which he is most proficient." *Disher v. Fulgoni*, 124 Ill. App. 3d 257, 262 (Ill. App. Ct. 1st Dist. 1984). This policy consideration does not apply in a case like the instant one.

Gee Hoo does cite one unpublished opinion that held that there is no reason to treat employment-related confidentiality agreements differently from confidentiality agreements between sophisticated parties. *Sencon Sys., Inc. v. W.R. Bonsal Co.*, 1988 WL 33842, at *4 (N.D. Ill. 1988). This district court faced an agreement much like the one in the instant case. *See id.* The court wrote that the plaintiff had provided no reason to treat the two types of contracts differently. *Id.* The court found that the policy of "protect[ing] the flow of information necessary for competition among businesses" applied equally to employment-related agreements and the agreement at issue. *Id.*

As DuoDesk notes, in the nearly thirty years since the *Sencon* court issued its opinion, no other court has relied on *Sencon* for the proposition argued by Gee Hoo. In light of this and because the Court is not persuaded by the reasoning of *Sencon*, the Court denies Gee Hoo's motion. The Court is not persuaded that the NDA should be deemed unenforceable on the grounds urged by Gee Hoo.

Accordingly and for the foregoing reasons, **IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 119)** filed by Defendant Gee Hoo is **DENIED.**

March 16, 2016

                                               _____
                                                    JUDGE JAY C. ZAINEY
                                                 UNITED STATES DISTRICT JUDGE