UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DUODESK, L.L.C.**                                                      **CIVIL ACTION**

**VERSUS**                                                            **NO. 14-1363**

**GEE HOO INDUSTRIAL CORPORATION**                  **SECTION "A" (3)**

### ORDER

On March 9, 2016, DuoDesk, L.L.C.'s Motion for Sanctions [Doc. #141] came on for oral hearing before the undersigned. Present were Mirais Holden on behalf of plaintiff and Erin Lanoux on behalf of defendant. After the oral hearing, the Court took the motion under advisement. After a later settlement conference, defendant produced the disputed documents to the Court for review. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

This is a breach of contract/trademark infringement lawsuit that has spawned several discovery disputes before this Court. The crux of the present motion is whether defendant Gee Hoo Industrial Corporation ("defendant" or "Gee Hoo") should have produced several documents in response to a discovery request propounded by plaintiff Duodesk, L.L.C. ("plaintiff" or "Duodesk"). Duodesk contends that at an earlier hearing before the Court, Gee Hoo represented that it had no information or documents relevant to any prototypes or designs used to create the activeLife Trainer (the creation at issue in this lawsuit). In response to Duodesk's supplemental complaint, Gee Hoo

asserted that it had manufactured a mini elliptical machine called the Ankle Trainer before it created the activeLife Trainer.  Gee Hoo has now produced documents that reveal that it transformed the ankle trainer into the activeLife Trainer, documents which Duodesk asserts were responsive to its earlier requests.

Duodesk argues that Gee Hoo has failed to comply with this Court's earlier order and has made misrepresentations to both it and the Court.  Duodesk asks the court to preclude Gee Hoo from using the documents to supports its defenses or its counterclaim in this lawsuit.  Duodesk also asks the Court to award it reasonable attorneys' fees and costs incurred in the filing of this motion.

Gee Hoo contends that the documents that it has recently produced are relevant to only one of Duodesk's earlier Requests for Production ("RFPs"), No. 15, which seeks the production of documents that "refer or relate to the development, design, manufacturing, testing, packaging, or any other issues related to the activeLife Trainers."  When Gee Hoo responded, it objected on the ground of vagueness and overbreadth but produced what documents it had in its possession at that time. Gee Hoo contends that the documents about which Duodesk now complains were produced in response to a later-propounded, more narrowly-tailored RFP in response to Duodesk's supplemental complaint.  Gee Hoo maintains that the earlier RFPs concerned the original complaint, which alleged claims during the manufacturing (and not the design) stage.

Gee Hoo argues that it did not act with willful disobedience because Duodesk can not maintain that it has suffered prejudice.  The documents were produced over four months before trial and well in advance of Duodesk's expert-report deadline. Duodesk's own expert relied on the documents in his report.

Gee Hoo maintains that Duodesk has asserted this argument before in an earlier motion to

compel, an argument that this Court rejected.

In its reply, Duodesk contends that the federal rules do not require it to prove prejudice. In any event, Duodesk maintains that it has suffered prejudice in the need and expense of filing two motions to compel to obtain documents responsive to its discovery requests.

Duodesk argues that this Court has never ruled on sanctions. Indeed, it maintains, Duodesk expressly reserved its right to ask the Court to preclude Gee Hoo from using any late-produced documents in its earlier motions to compel.

Federal Rule of Civil Procedure 37 authorizes courts to appropriately respond to and deal with parties that have disobeyed discovery orders. *See Chilcutt v. United States*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993). Under Rule 37(b)(2)(A), an award for sanctions must be both 'just' and 'fair,' meaning that the conduct is sanctionable and that the sanction is appropriate to the wrong." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2016 WL 98606, at *1 (E.D. La. Jan. 8, 2016) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)). The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Morin v. Chevron U.S.A. Inc.,* No. Civ. A. 11-45, 2012 WL 2116368, at *7 (E.D. La. June 11, 2012) (quoting *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)); *see also Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

As noted above, Gee Hoo produced the documents to the Court for review, and the Court has reviewed them. The documents consist of mechanical and engineering drawings (GH 626-640) and

a 2011 product catalog (GH 536-555).  The documents were known to Gee Hoo at the time that it responded to RFP No. 15.  Given the broad nature of RFP No. 15, the Court finds that these documents were responsive to the request and should have been produced at that time.  The Court finds fault on the part of the noncomplying litigant, here, Gee Hoo.  These documents were proportional to the needs of the case.  Fed. R .Civ. P. 26(b)(1).  Gee Hoo had access to this relevant information, and these documents will aid in the resolution of the issues in this lawsuit.  The Court finds that sanctions are warranted.

However, this Court can not preclude Gee Hoo from using the documents at trial; that must be the subject of a properly-supported motion in limine filed with the District Court.  This Court can award Duodesk its attorneys' fees and costs for having had to file the motion for sanctions.  Accordingly,

**IT IS ORDERED** that DuoDesk, L.L.C.'s Motion for Sanctions [Doc. #141] is GRANTED, and defendant Gee Hoo Industrial Corporation (not its counsel) is taxed the reasonable attorneys' fees and costs incurred in the filing of the motion for sanctions.   The Court finds that a reasonable award for a seven-page motion and a six-page reply is $2,500.00.

New Orleans, Louisiana, this 22nd day of March, 2016.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**