UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUODESK, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 14-1363 |
| GEE HOO INDUSTRIAL CORPORATION | SECTION: "A" (3) |

### ORDER

Before the Court is a **Motion to Appeal Magistrate Judge's Ruling on Motion for Sanctions (Rec. Doc. 156)** filed by Defendant Gee Hoo Industrial Corporation ("Gee Hoo"). Also before the Court is a **Motion in Limine to Exclude Documents/Testimony and Preclude Use of Documents by Defendant (Rec. Doc. 157)** filed by Plaintiff DuoDesk, L.L.C. ("DuoDesk"). The motions, set for submission on April 20, 2016, and May 4, 2016, respectively, are before the Court on the briefs without oral argument. Trial is set to begin in this matter on May 18, 2016.

In the Motion to Appeal Magistrate Judge's Ruling on Motion for Sanctions, Gee Hoo moves the Court to set aside a ruling granting DuoDesk's Motion for Sanctions. In the Motion in Limine, DuoDesk moves the Court to exclude photographs that were produced after the discovery deadline. DuoDesk also moves to exclude certain evidence that Gee Hoo belatedly produced.

**I.     Background**

Plaintiff DuoDesk filed suit in this Court on June 11, 2014, alleging breach of contract. (Rec. Doc. 1). Mr. Christoph Leonhard, the president of DuoDesk, a Louisiana L.L.C., had designed an exercise machine called the "activeLife Trainer." He contracted with Gee Hoo, a Taiwanese manufacturing company, to manufacture the trainers. Plaintiff's original complaint alleges that Defendant breached its contract by failing to manufacture the trainers in accordance with certain specifications.

On July 23, 2015, DuoDesk amended its complaint to allege that, after the filing of the complaint, Gee Hoo breached the parties' non-disclosure and confidentiality agreement ("NDA").

1

(Rec. Doc. 28). The NDA applied to the products that Gee Hoo agreed to develop for DuoDesk. DuoDesk alleges that in February of 2015, Gee Hoo attempted to sell DuoDesk's machines at an international exhibition.

**II.     Analysis**

*Motion for Appeal/Review of Magistrate Judge Decision*

The Court has considered this motion in light of Federal Rule of Civil Procedure 72(a). Under this rule, a district judge must consider timely objections and modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Judges for the Eastern District have held that "[p]ursuant to this highly deferential standard of review, Magistrate Judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if it is determined that the Magistrate Judge has abused his discretion." As an example, see *Giangrosso v. Certain Underwriters at Lloyds of London*, 1995 WL 115817, at *1 (E.D. La. Mar. 16, 1995).

The Court has considered Gee Hoo's challenges and finds that Gee Hoo has not met this high standard. The Court finds that Magistrate Judge Knowles did not abuse his discretion in finding that sanctions were appropriate due to Gee Hoo's failure to produce certain documents when requested during discovery. The Court further finds that the supposed lack of prejudice to DuoDesk from the belated production of the documents does not render Judge Knowles' order clearly erroneous or contrary to law.

*Motion in Limine*

DuoDesk moves the Court to exclude photographs that were produced after the discovery deadline. DuoDesk argues that these photographs should have been produced sooner, considering DuoDesk's Request for Production No. 1, which sought "all documents which in any way relate or

2

refer to the subject matter of the Litigation." (Rec. Doc. 169). The Court agrees with DuoDesk. Because these responsive photos were not produced until after the discovery deadline, the Court finds that they should be excluded. *See Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 388-89 (E.D. La. 2008) (granting motion to exclude responsive documents that were produced after close of discovery).

DuoDesk also moves the Court to exclude certain evidence that Gee Hoo belatedly produced. The Court is persuaded that the seemingly intentional withholding of this evidence by Gee Hoo has prejudiced DuoDesk. The Court therefore finds that the exclusion of this evidence is justified.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that **Motion to Appeal Magistrate Judge's Ruling on Motion for Sanctions (Rec. Doc. 156) is DENIED**;

**IT IS FURTHER ORDERED** that **Motion in Limine to Exclude Documents/Testimony and Preclude Use of Documents by Defendant (Rec. Doc. 157) is GRANTED**.

May 4, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE